**Diane S. Sykes, OSB 980990**
diane@dianessykeslaw.com
5911 SE 43rd Avenue
Portland, Oregon 97206
Telephone: (503) 504-7176

**Of Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **EILEEN BRENNOCK**, an individual, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | Violations of Fourteenth Amendment Equal Protection, 42 U.S.C. § 1983; Sex, Gender, and Gender Identity Discrimination and Retaliation, ORS § 659A.030(1)(a),(f); Whistleblower Retaliation, ORS § 659A.199, ORS § 659.203; Aiding, Abetting, Inciting, Compelling, or Coercing Employment Discrimination, ORS § 659A.030(1)(g). |
| **NEWBERG SCHOOL DISTRICT**, an Oregon public school district authorized and chartered by the laws of the state of Oregon; **TERRY MCELLIGOTT**, an individual; and **STEPHEN PHILLIPS**, an individual, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.

Eileen Brennock ("Plaintiff") is a hardworking and dedicated teacher within the Newberg

School District ("District"). In 2021, the District was embroiled in significant controversy

regarding its blatant directive from the Superintendent to remove Black Lives Matter and Pride

PAGE - 1   **COMPLAINT**

DIANE S. SYKES, ATTORNEY AT LAW, P.C.
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

displays from District facilities. Supporters of LGBTQ+ issues in the Newberg School District

have been targeted with hatred, ridicule, and even intimidating threats of physical violence.

During a September 10, 2021 staff meeting, plaintiff Brennock heard Principal

McElligott say something to the effect of "it's not okay to tell kids it's okay to be gay or trans."

Brennock also heard Principal McElligott tell staff members that they should not display any

Pride or Black Lives Matter flags or signs if they had not been displaying them during the

previous school years as to not "poke the bear." Brennock bravely reported anti-LGBTQ+

comments made by her principal at the staff meeting. In response to Plaintiff's complaints and

advocacy, the District's agent informed her that she could get in "serious trouble" and assessed

her complaints to be unsubstantiated. As a result, Brennock filed a complaint with the Oregon

Department of Education ("ODE"). ODE issued a Preliminary Final Order in Plaintiff

Brennock's favor and found "that it is more likely than not that the district may have violated

ORS 659.850 and 659.855." The District entered into a detailed Conciliation Agreement with

Brennock which attempted to remedy systemic discrimination at the District. However, the

District repeatedly undermined and violated the Conciliation Agreement over the next year,

causing Brennock to suffer an ongoing hostile work environment that caused her significant

emotional distress. On October 19, 2023, ODE issued an Order finding the District in violation

of the Conciliation Agreement.

**PARTIES**

2.

Plaintiff Eileen Brennock (hereinafter "Brennock" or "Plaintiff"), at the time of filing and

at all material times, was a resident of Tigard in Washington County, Oregon.

///

PAGE - 2   **COMPLAINT**

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

3.

Defendant Newberg School District ("District" or "Defendant") is and at all material times hereto was an Oregon public school district, located in Yamhill county, and authorized and chartered by the laws of the state of Oregon.

4.

At all material times, Newberg School District employed Stephen Phillips as the Superintendent, a supervisor, employee, and agent of Newberg School District, acting under color of law, and is also sued in his individual capacity. At all material times, Defendant Phillips was acting pursuant to the District's practices or customs and was a resident of Yamhill County.

5.

At all material times, Newberg School District employed Terry McElligott as a Principal, supervisor, employee, and agent of Newberg School District, acting under color of law, and is also sued in her individual capacity. At all material times, Defendant McElligott was acting pursuant to the District's practices or customs and was a resident of Yamhill  County.

6.

The District is liable for the tortious conduct of its agents and employees pursuant to ORS 30.265(1) and ORS 30.285(1). The District is a "person" for purposes of 42 U.S.C. § 1983. The District is an "employer" and "person" pursuant to ORS 659A.001 and a "public employer" pursuant to ORS 659A.203.

## TORT CLAIM NOTICE

7.

Prior to the institution of this action, Plaintiff provided timely notice of all necessary claims to all necessary parties pursuant to ORS 30.275.

PAGE - 3   **COMPLAINT**

DIANE S. SYKES, ATTORNEY AT LAW, P.C.
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

## ADMINISTRATIVE EXHAUSTION

### 8.

On or around June 29, 2023, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff will amend the complaint to include a claim of discrimination under Title VII of the Civil Rights Act of 1964 after administrative exhaustion.

## FACTUAL ALLEGATIONS

### 9.

Brennock is a teacher employed by the Newberg School District who actively supported and advocated for LGBTQ+ students facing violence, bullying, and harassment.

### 10.

In August of 2021, the District's school board sought to enact a policy which banned LGBTQ and Black Lives Matters displays.

### 11.

On or around September 10, 2021, Brennock attended a district staff meeting at Mountain View Middle School, a school within the Newberg School District, to discuss policies related to sexual orientation, gender identity and race. Principal Terry McElligott spoke during the September 10, 2021 meeting and informed staff about parent and community concerns regarding the District's proposed policies and advised staff to come to the school's administrative staff with any concerns.

### 12.

During this September 10 staff meeting, Brennock and other staff members heard Principal McElligott say something to the effect of "it's not okay to tell kids it's okay to be gay or trans." Brennock also heard Principal McElligott tell staff members that they should not

PAGE - 4   **COMPLAINT**

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

display any Pride or Black Lives Matter flags or signs if they had not been displaying them during the previous school years as to not "poke the bear."

13.

On or around September 14, 2021, Brennock reported those statements to Lindsey Kopacek, the Assistant Principal and Brennock's supervisor. Astonishingly, Assistant Principal Kopacek told Brennock that Principal McElligott did not make those statements and suggested that Brennock heard something that was never said due to cortisol and stress levels in her body. To continue to show her support for LGBTQ+ students, Brennock responded to Assistant Principal Kopacek that if a student came out as gay to her, she would ***not*** tell them "it's not okay," but rather she would tell them "me too!" Assistant Principal Kopacek told Brennock it was not okay for her to say that. When Brennock disagreed with her, Assistant Principal Kopacek threatened Brennock's employment.

14.

On or about October 15, 2021, Brennock filed a complaint through the District's school grievance process about Principal McElligott's comments during the September 10 staff meeting and the follow-up conversation that Brennock had with Assistant Principal Kopacek on September 14, 2021.

15.

On or about October 20, 2021, the District sent Brennock a written decision stating that the District could not substantiate her allegations, even though several witnesses had substantiated Brennock's claims.

///

///

PAGE - 5   **COMPLAINT**

DIANE S. SYKES, ATTORNEY AT LAW, P.C.
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

16.

On or around May 7, 2022, Brennock's co-worker emailed staff stating that she was leaving due to the "laws affecting our classrooms and responsibilities such as keeping sexuality information from parents," explaining that her opposition was due to her religious beliefs. The District allowed public responses from staff expressing support for this teacher's anti-LGBTQ+ views, which Brennock perceived as showing a lack of support for LGBTQ+ students.

17.

Brennock reported the co-worker's comments and public responses, which reflected a lack of support for LGBTQ+ students, to Principal Petrie and Human Resources but the District failed to follow up or take remedial action.

18.

On or around December 9, 2021, Brennock filed a complaint with the Oregon Department of Education ("ODE").

19.

On or around April 28, 2022, ODE issued a "Preliminary Final Order" stating in part:

> The question on appeal is whether Administrator 1, acting in their official capacity as an employee of Newberg School District, made discriminatory statements in violation of Oregon's anti-discrimination statute.
>
> [. . .]
>
> The department first finds that Administrator 1 said, "[I]t's not ok to tell kids to be gay or trans," and instructed district staff to not display Pride or Black Lives Matter flags or sign under certain circumstances at the September 10th staff meeting.
>
> [. . .]
>
> In consideration of the evidence, the department finds that it is more likely than not that at the September 10th staff meeting Administrator 1 stated

PAGE - 6  **COMPLAINT**

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

that "it's not ok to tell kids to be gay or trans" and instructed staff members that they should not display any Pride or Black Lives Matter flag or sign if they had not displayed them during the previous school year.

The department further finds that the statement "it's not ok to tell kids to be gay or trans" and the instruction to not display Pride and Black Lives Matter flags and signs are discriminatory. Oregon's anti-discrimination statute clearly defines discrimination as "any act that unreasonably differentiates treatment, intended or unintended, [that] . . . is based on race, color, religion, sex, sexual orientation, gender identity, national origin, marital status, age or disability." Instructing staff that they should not tell students that it is not "ok to be gay or trans" differentiates certain students on the basis of their sex, sexual orientation, and gender identity. Instructing teachers to not display Pride or Black Lives Matter flags or signs, even under limited circumstances, differentiates certain students on the basis of their sex, sexual orientation, gender identity, and race.

The district posits that the comments – if Administrator 1 said them – are not discriminatory because they were not intended to be. In the district's October 20th written decision, the district wrote that "it does seem clear some staff members heard comments which made them uncomfortable and/or unclear about how they can support transgender and gay students." In the message that Administrator 1 posted on October 21st, Administrator 1 wrote, "If you believe that I was telling you what to say to students or how to act, that was not my intent at all. If that was your impression, I am sorry." In the district's March 11th email to the department, the district wrote, "So in weighing in all of the statements we did not find that it was most likely that [Administrator 1] intended [the comment] as a directive [and,] therefore[,] it was not discriminatory."

The district misunderstands what constitutes discrimination under the law. Under Oregon's anti- discrimination statute, discrimination is "any act that unreasonably differentiates treatment, intended or unintended, [that] . . . is based on race, color, religion, sex, sexual orientation, gender identity, national origin, marital status, age or disability." It does not matter whether Administrator 1 intended their comments to differentiate on the basis of sex, sexual orientation, gender identity or race. All that matters is whether Administrator 1's comments did differentiate on the basis of sex, sexual orientation, gender identity or race. Administrator 1's comments clearly articulated that teacher conduct toward students belonging to certain protected classes should be different than conduct toward other students. Administrator 1's comments clearly subjected teacher support for the Pride and Black Lives Matter movements to different rules than support for other movements.

PAGE - 7  **COMPLAINT**

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

In consideration of the evidence, the department finds that it is more likely than not that the district may have violated ORS 659.850 and 659.855.

20.

On or around May 11, 2022, the District entered into a Conciliation Agreement with Brennock outlining a significant number of terms with which the District would have to comply through the 2024-2025 school year, including a staff training on LGBTQ+ issues, regular LGBTQ+ discussions during leadership meetings, surveys of LGBTQ+ students and teachers and updated policies and procedures related to LGBTQ+ issues. This Conciliation Agreement also included Brennock's transfer to a new school within the District. Brennock agreed to these terms contingent on the District's representations that it would adhere to the terms, in good faith, and take steps to ameliorate the hostile work environment that Brennock and other LGBTQ+ identified staff were experiencing. Brennock reasonably relied on upon the District following through on each of these items in good faith.

21.

Shortly thereafter, Principal Petrie told Brennock that she would not be allowed to come back to Chehalem Valley Middle School because the District was eliminating her position.

22.

In or around December 2022, Brennock discovered that the District was asking for an extension of time to perform the staff training agreed upon in their Conciliation Agreement. Over the next several months, Brennock also learned of the many ways the District had violated the Conciliation Agreement, including:

a. Waiting over six months to even start preparing for the presentation regarding staff training;

PAGE - 8   **COMPLAINT**

DIANE S. SYKES, ATTORNEY AT LAW, P.C.
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

b.  Failing to conduct the surveys prior to the staff presentation;

c.  Assigning the presentation to staff on an impossible timeline, without much direction, then constantly undermining and ridiculing the staff for the information they presented and how they presented the information;

d.  Minimizing and failing to investigate multiple complaints raised to them throughout the presentation development process;

e.  Raising voices and threatening presenters;

f.  Releasing information to all families in the District containing sensitive information about the presenters' LGBTQ+ status despite previous conversations about the sensitivity of the information;

g.  Changing the agreed-upon introduction and referring to sexual orientation/gender identity as a "lifestyle," stating that human sexuality has "always been controversial," referring to people as coming from the "opposite side of the fence" and conveying that "most likely a lot of us will be uncomfortable…."

h.  Creating a hostile work environment for the staff that the District directed to give the staff presentation, through their actions and statements, including evidence that:

    i.  Superintendent Stephen Phillips and/or Human Resources Director Scott Linenberger repeatedly referred to themselves as "old school" and exclusively focused on people they referred to as being on the "other side of the fence" and aligning with those who have discomfort of "controversies" and have "convictions" which do not support LGBTQ+ "alternative lifestyles" instead of acknowledging the vulnerable LGBTQ+ communities they were tasked with supporting under the law.

PAGE - 9   **COMPLAINT**

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

ii. Superintendent Phillips used the word "faggot" and said that he did not understand how that word was any different than the word "asshole."

iii. Superintendent Phillips made egregiously offensive statements at least three times indicating that the laws against slavery were eventually determined to not be moral and were changed, with the apparent inference being that laws protecting LGBTQ+ people are similarly immoral and would be changed.

iv. In response to the presenters expressing that anti-LGBTQ+ hatred can lead to violence, Mr. Linenberger stated something like "that's debatable."

v. While a presenter described gender-affirming surgery, Superintendent Phillips interrupted with a statement along the lines of, "I've had a lot of kids and when it's a boy, it's a boy."

vi. When a presenter suggested a strategy of using a first name in place of a pronoun, Mr. Linenberger insensitively responded that he had just learned about "deadnames" and further stated that "I can just [say] Scott is my deadname and everyone has to call me Sally."

vii. They ignored and minimized the staff members' concerns about possible backlash given the current state of politics in Newberg, such as the school board's public anti-LGBTQ+ statements and policies, the homophobic and transphobic comments at board meetings, the public demonstrations by groups such as the Proud Boys, and a recent event where a pride flag was burned and then given a Nazi salute, which was caught on camera.

PAGE - 10   **COMPLAINT**

DIANE S. SYKES, ATTORNEY AT LAW, P.C.
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

viii.  Telling the presenters there would be no next steps on LGBTQ+ issues
even though there were additional requirements in the Conciliation
Agreement between the District and Brennock.

ix.  Stating that one of the presenter's emails asking the District to address the
problematic release of private information about the presenters was a
"middle finger."

23.

On October 19, 2023, ODE concluded its investigation and found that there was
"substantial evidence that Newberg School District violated the terms of the Conciliation
Agreement entered into between Complainant and the district on May 11, 2022." ODE ordered
the District to comply with its obligations to solicit information from "staff and students who
identify as LGBTQ2SIA+ before selecting trainers and training materials-to ensure that those
voices informed the training, particularly the voices of those who are suppressed and more often
than not silent."

24.

Brennock has and continues to suffer significant emotional distress from the incidents
giving rise to the Conciliation Agreement and from learning about all of the various ways the
District has undermined and violated the Conciliation Agreement. Brennock also fears for her
physical safety and speaking and connecting with colleagues as a result of the hostile work
environment fostered by the District's failures.

### FIRST CLAIM FOR RELIEF

### Fourteenth Amendment Equal Protection Violation – 42 U.S.C. § 1983

### Against all Defendants

PAGE - 11   **COMPLAINT**

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

**Count 1: Individual Liability Against Defendant Phillips and McElligott**

25.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

26.

By the acts and omissions described above, Defendants Phillips and McElligott discriminated against Plaintiff because of sex, sexual orientation and/or gender identity, and her association with and advocacy for students who identify as LGBTQ+, in violation of her right to equal protection of the laws enshrined in the 14th Amendment to the United States Constitution and enforced through 42 U.S.C. § 1983.

27.

Plaintiff had a clearly established right to be free from unlawful discrimination based on sex, sexual orientation and gender identity.

28.

Defendants Phillips and McElligott personally participated in depriving Plaintiff of her constitutional rights.

29.

In addition, or in the alternative, Defendants Phillips and McElligott directed their subordinates' violative conduct or acquiesced to their subordinates' deprivation of Plaintiff's rights.

30.

In addition, or in the alternative, Defendants Phillips and McElligott set violative conduct in motion that they knew or should have known would result in the violation of Plaintiff's

PAGE - 12   **COMPLAINT**

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

constitutional rights.

31.

In addition, or in the alternative, Defendants McElligott's and Phillips' conduct was intentional, as described above, and demonstrated a reckless or callous and deliberate indifference to Plaintiff's constitutional rights.

32.

Defendants Phillips and McElligott had no persuasive justification for their discrimination and their actions were objectively unreasonable under the circumstances, unjustifiable, and constituted a deprivation of equal protection.

33.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to 42 U.S.C. §§ 1983, 1988.

34.

Plaintiff requests compensatory damages, and/or nominal damages, equitable relief, costs and attorney fees pursuant to 42 U.S.C. §§ 1983, 1988, and ORS § 20.107.

**Count II: Municipal Liability Against Defendant Newberg School District**

35.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

///

///

PAGE - 13   **COMPLAINT**

DIANE S. SYKES, ATTORNEY AT LAW, P.C.
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

36.

Defendant Newberg School District maintained a practice or custom of failing to protect LGBTQ+ persons from discrimination and failing to provide such persons with an environment that allows LGBTQ+ persons to be safely and securely employed. This practice or custom included, but was not limited to, condoning supervisors' discrimination, inadequately supervising and training its supervisors, including Defendants Phillips and McElligott, and failing to discipline or reprimand its employees, thereby failing to adequately discourage further constitutional violations on the part of its employees.

37.

In addition, or in the alternative, Defendant District is liable for the deprivation of Plaintiff's Fourteenth Amendment rights because the unlawful decisions were made or approved by persons in policymaking positions for Defendant District and/or Defendant District ratified the unlawful conduct alleged herein knowing the basis of the unlawful conduct.

38.

Defendant's discrimination against Plaintiff was intentional or undertaken with deliberate indifference to Plaintiff's constitutional rights. Defendant had no persuasive justification for their discrimination and their actions were objectively unreasonable under the circumstances, unjustifiable, and constituted a deprivation of equal protection.

39.

Plaintiff requests compensatory damages,  injunctive relief, equitable relief, costs, attorney fees and expert fees pursuant to 42 U.S.C. §§ 1983, 1988, and ORS 20.107.

///

 ///

PAGE - 14   **COMPLAINT**

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

**SECOND CLAIM FOR RELIEF**

**ORS 659A.030(1)(b)**

**Sex, Gender, & Gender Identity Discrimination and Hostile Work Environment**

**Against Defendant Newberg School District**

40.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

41.

Defendant Newberg School District is an employer for the purpose of ORS 659A.030.

42.

Under Oregon law, it is an "unlawful employment practice" for an employer and its agents to discriminate against an employee "in compensation or in terms, conditions, or privileges of employment" because of their "sex," "sexual orientation" and/or "gender identity." ORS 659A.030(1)(b). Discrimination in terms, conditions and privileges of employment, includes Defendant's creation and maintenance of a severe or pervasive hostile work environment on the basis of sex, sexual orientation and/or gender identity.

43.

Defendant Newberg School District unlawfully discriminated against Plaintiff, on the basis of sex, sexual orientation and gender identity, and based on her association with and advocacy for students who identify as LGBTQ+, by creating and maintaining a severe or pervasive hostile work environment, which unreasonably interfered with Plaintiff's work.

///

 ///

PAGE - 15    **COMPLAINT**

DIANE S. SYKES, ATTORNEY AT LAW, P.C.
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

44.

Plaintiff perceived the working environment to be hostile or abusive, on the basis of sex, sexual orientation and gender identity, and a reasonable person in Plaintiff's circumstances would have considered the environment to be hostile or abusive. Defendant knew about the hostile work environment, described in the previous paragraphs, after multiple employees, including Plaintiff, reported it to an agent of Defendant District. However, the District failed to take prompt and immediate corrective action to stop the unlawful conduct.

45.

Defendant's creation of, and/or failure to prevent, the hostile work environment for Plaintiff constitutes unlawful discrimination and Defendant's conduct was substantially motivated by her sexual orientation, gender and/or gender identity and constitutes unlawful sex discrimination.

46.

As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to ORS 659A.885 and any other applicable laws or rules.

47.

Plaintiff is entitled to recover her reasonable attorney fees, witness fees, expert fees, litigation expenses and costs, pursuant to ORS 659A.855 and ORS 20.107, and other equitable relief awarded by the court.

///

///

PAGE - 16   **COMPLAINT**

DIANE S. SYKES, ATTORNEY AT LAW, P.C.
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

### THIRD CLAIM FOR RELIEF

### ORS 659A.030(1)(f)

### Retaliation for Opposing Any Unlawful Practice Under Chapter 659A

### Against Defendant Newberg School District

48.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

49.

Defendant Newberg School District is a "person" and "employer" for the purpose of ORS 659A.030.

50.

Defendant Newberg School District discriminated against Plaintiff in the terms and conditions of her employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices and her association with and advocacy for students who identify as LGBTQ+.

51.

As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to ORS 659A.885 and any other applicable laws or rules.

///

///

 ///

PAGE - 17   **COMPLAINT**

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

52.

Plaintiff is entitled to recover her reasonable attorney fees, witness fees, expert fees, litigation expenses and costs, pursuant to ORS 659A.855 and ORS 20.107, and any equitable relief awarded by the court.

## FOURTH CLAIM FOR RELIEF

## ORS 659A.199

## Whistleblower Retaliation

## Against Defendant Newberg School District

53.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

54.

Defendant Newberg School District is an employer for the purpose of ORS 659A.199.

55.

Defendant retaliated against Plaintiff in the terms and conditions of her employment by violating the terms of the ODE Conciliation Agreement with Plaintiff, in substantial part, for opposing and/or reporting in good faith what Plaintiff believed to be evidence of violations of federal and/or state laws, rules, or regulations.

56.

As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to their reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to ORS 659A.885 and any other applicable laws or rules.

PAGE - 18   **COMPLAINT**

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

57.

Plaintiff is entitled to recover her reasonable attorney fees, witness fees, expert fees, litigation expenses and costs, pursuant to ORS 659A.855 and ORS 20.107, and other equitable relief awarded by the court.

**FIFTH CLAIM FOR RELIEF**

**ORS 659A.203**

**Retaliation Against Public Employee Whistleblower**

**Against Defendant Newberg School District**

58.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

59.

Defendant retaliated against Plaintiff in the terms and conditions of her employment by violating the terms of the ODE Conciliation Agreement with Plaintiff, in substantial part, for opposing and/or reporting in good faith what Plaintiff believed to be evidence of violations of federal and/or state laws, rules, or regulations, and/or mismanagement, gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from action of the public employer.

60.

As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to ORS 659A.885 and any other applicable laws or rules.

PAGE - 19   **COMPLAINT**

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

61.

Plaintiff is entitled to recover her reasonable attorney fees, witness fees, expert fees, litigation expenses and costs, pursuant to ORS 659A.855 and ORS 20.107, and other equitable relief awarded by the court.

## SIXTH CLAIM FOR RELIEF

## ORS 659A.030(1)(g)

## Aiding, Abetting, Inciting, Compelling, or Coercing an Unlawful Employment Practice

## All Defendants

62.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

63.

Defendants Newberg School District, Phillips and McElligott are "persons" for the purpose of ORS 659A.030.

64.

ORS 659A.030(1)(g) makes it an unlawful employment practice for any person "to aid, abet, incite, compel or coerce the doing of any of the acts forbidden" under Chapter 659A of the Oregon Revised Statutes.

65.

Defendants violated ORS § 659A.030(1)(g) by, without limitation, aiding and abetting in the unlawful employment practices under Chapter 659A, including subjecting Plaintiff to adverse terms and conditions of employment, on the basis of Plaintiff's sex, sexual orientation and gender identity, as well as Plaintiff's opposition to and complaints of unlawful discrimination.

PAGE - 20   **COMPLAINT**

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com

66.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered

significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity

and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the

jury at trial pursuant to ORS 659A.885 and any other applicable laws or rules.

67.

Plaintiff is entitled to recover her reasonable attorney fees, witness fees, expert fees,

litigation expenses and costs, pursuant to ORS 659A.855 and ORS 20.107, and other equitable

relief awarded by the court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for her costs and disbursements incurred herein and for the

following in accordance with the proof at trial:

1.      Non-economic damages as alleged herein,

2.      Costs and attorney's fees as alleged herein,

3.      Prejudgment and post judgement interest as appropriate and allowed by law,

4.      On all claims, as applicable, amounts necessary to offset the income tax

consequences of receiving a lump sum payment, rather than receiving payment of wages

over the applicable time frame; and

5.      Any other relief the court deems proper.

DATED this 20th Day of December, 2023.

s/   Diane S. Sykes
Diane S. Sykes, OSB #980990

*Of Attorneys for Plaintiff Eileen Brennock*

PAGE - 21  **COMPLAINT**

DIANE S. SYKES, ATTORNEY AT LAW, P.C.
5911 S.E. 43rd Avenue
Portland, Oregon 97206
Ph: 503-504-7176
Fax: 503-432-3081
E-mail: diane@dianessykeslaw.com